IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,714-02






EX PARTE KENNETH MICHAEL WALLACE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR26515A IN THE 75TH DISTRICT COURT


FROM LIBERTY COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft over $1500
and sentenced to ten years' imprisonment after Applicant was found to be a habitual offender. He
did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance, and the record
reflects this punishment may have been improperly enhanced with no objection from counsel, so
Applicant might be entitled to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte
Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for making findings of fact. The trial court shall provide Applicant's
trial counsel with the opportunity to respond to Applicant's claim of ineffective assistance of
counsel, and shall make findings of fact pertaining to the validity of the enhancement. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to the dates of commission of the offenses
underlying Applicant's prior convictions, the nature and degree of felony for each prior conviction,
the date on which sentence was imposed or community supervision was revoked for each prior
conviction, whether an appeal was filed for either prior conviction, whether Applicant had any other
prior convictions which could have been used to enhance this sentence and the dates and nature of
any such convictions, what investigation counsel conducted into whether the State could prove
Applicant was a habitual offender, what plea negotiations counsel conducted, and what counsel
advised Applicant concerning the habitual offender allegations. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: March 5, 2008

Do not publish